# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

**United States District Court**
**for**
**the District of Nevada**

**PETITION FOR WARRANT /SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

Name of Offender: **Robert Ricky Duran**

Case Number: **2:19CR00031**

Name of Sentencing Judicial Officer: **Honorable Richard F. Boulware**

Date of Original Sentence: **June 18, 2020**

Original Offense: **Felon in Possession of a Firearm**

Original Sentence: **24 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **March 1, 2022**

Name of Assigned Judicial Officer: **Honorable Richard F. Boulware**

**PETITIONING THE COURT**

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Unlawfully Use Controlled Substance** - You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

    A) Duran submitted drug tests which have returned confirmed positive results on the following dates for the following controlled substances:

    April 27, 2022: Marijuana
    May 26, 2022: Marijuana
    July 12, 2022: Marijuana

**RE: Robert Ricky Duran**

Prob12C
D/NV Form
Rev. March 2017

July 19, 2022: Marijuana

B) Duran failed to appear for drug testing as required on the following dates:

March 21, 2022
July 12, 2022
July 19, 2022

2. **<u>Must Not Leave District</u>** - You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

On August 3, 2022, Duran was instructed to remain in the Central District of California by his supervising officer in that district until an appropriate residence could be confirmed in the District of Nevada. Duran failed to remain in the Central District of California and traveled to the District of Nevada without the permission of his supervising officer.

3. **<u>Live At Approved Place</u>** - You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

On or about August 3, 2022, Duran left his approved residence in the Central District of California and returned to the District of Nevada without the residence being investigated and approved.

4. **<u>Home Confinement with Location Monitoring</u>** – You will be monitored by the form of location monitoring technology indicated below for a period of 540 days with the last 180 days of GPS monitoring as a standalone condition, and you must follow the rules and regulations of the location monitoring program. You must pay the costs of the program based upon your ability to pay.

☒ GPS Monitoring (including hybrid GPS). 540 days; last 180 days as a standalone condition.

This form of location monitoring technology will be used to monitor the following restriction on your movement in the community

☒ You are restricted to your residence at all times except for employment; education;

**RE: Robert Ricky Duran**

Prob12C
D/NV Form
Rev. March 2017

religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer for a period of the first 365 days of supervision.

Duran violated the Location Monitoring Participant Agreement on the following dates and times:

A) On April 29, 2022, at approximately 10:56 P.M. and continuing until April 30, 2022 at approximately 6:40 A.M., Duran left his residence without notifying the Location Monitoring Officer. When contacted he claimed he wasn't feeling well so he went to the ER, but the wait was too long so he left and fell asleep at his girlfriend's house. GPS mapping does not indicate him going to a hospital, but rather straight from his brother's residence to his girlfriend's residence located at 1545 W 20th Street, San Bernardino, CA. Duran was out without approval for approximately 7 hours and 46 minutes on this instance.

B) On May 1, 2022, Duran was out of his residence without approval for 49 minutes. GPS mapping indicates Duran was at a shopping center during this time.

C) On May 16, 2022, Duran returned to his residence 36 minutes after his approved schedule had expired. GPS mapping indicates Duran was at his girlfriend's residence during this unexcused period.

D) On May 16, 2022, Duran left his residence for 33 minutes without authorization. When confronted about his whereabouts, Duran advised he left his residence to purchase boots for an upcoming job. Duran failed to provide any documentation to verify this has been received.

E) On May 24, 2022, Duran returned 53 minutes after his schedule had ended and refused to provide any reason for his late return.

F) On June 3, 2022, Duran returned 60 minutes after his scheduled had ended. When questioned about his whereabouts, Duran claimed he cashed his check and fixed his car. GPS mapping indicates Duran was at a convenience store and apartment complex during the unapproved absence. Further, Duran failed to provide and documentation to verify his absence.

**RE: Robert Ricky Duran**

Prob12C
D/NV Form
Rev. March 2017

G) On June 4, 2022, Duran returned to his residence 1 hour and 21 minutes late. When questioned about his whereabouts, Duran advised there was an accident on the freeway but was unable to provide a location for verification.

H) On June 6, 2022, Duran left his residence 4 hours prior to his requested schedule. When questioned about his whereabouts, Duran claimed he had a meeting at work but failed to request a modified schedule. GPS mapping indicates he left his residence and traveled to his girlfriend's residence where he remained for 3 hours before leaving for work.

I) On June 8, 2022, Duran properly contacted his Location Monitoring Officer and requested permission to take his girlfriend to the emergency room. Duran was informed he would need to provide documentation to verify the hospital visit. GPS mapping indicates that Duran never went to the hospital and only traveled to his girlfriend's residence. This resulted in 43 minutes of unapproved leave.

J) On July 4, 2022, Duran returned 1 hours and 11 minutes after his approved schedule had closed. When questioned about his late return Duran claimed he was having car trouble. GPS mapping indicates Duran was at his girlfriend's residence without approval.

K) On July 13, 2022, Duran failed to return home as required. When questioned about his whereabouts, Duran claimed he was waiting for his car at his girlfriend's residence. GPS mapping indicates Duran remained at his girlfriend's residence the entire night without approval.

L) On July 23, 2022, Duran left his residence without approval and traveled to his girlfriend's residence. This resulted in 2 hours of unapproved leave.

M) On July 28, 2022, Duran left his residence without approval and traveled to a grocery store. This resulted in a 50-minute period of unapproved leave.

N) On July 29, 2022, Duran requested to leave his residence to pick up his girlfriend from work. Duran's request was denied but he left regardless.

O) On August 4, 2022, Duran left the Central District of California without approval and traveled to the District of Nevada.

**RE: Robert Ricky Duran**

Prob12C
D/NV Form
Rev. March 2017

5. **Residential Reentry Center** – You must reside in a residential reentry center for a term of up to 120 days. You must follow the rules and regulations of the center.

On March 31, 2022, Duran was unsuccessfully discharged from the Residential Re-entry Center in Las Vegas, Nevada.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **August 15, 2022**

Digitally signed by Shawn
Mummey
Date: 2022.08.16 07:13:16
-07'00'

Shawn Mummey
Senior United States Probation Officer

Approved:

Digitally signed by Joy
Gabonia
Date: 2022.08.15 17:08:10
-07'00'

Joy Gabonia
Supervisory United States Probation Officer

---

*THE COURT ORDERS*

☐    No Action.
☐    The issuance of a warrant.
☑    The issuance of a summons.
☐    Other:

RICHARD F. BOULWARE, II
United States District Judge

August 26, 2022
Date

**RE: Robert Ricky Duran**

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. ROBERT RICKY DURAN,  2:19CR00031

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
August 15, 2022

On June 18, 2020, Your Honor sentenced Duran to 24 months imprisonment, followed by 36 months of supervised release for committing the offense of Felon in Possession of a Firearm.

On January 18, 2022, Your Honor approved a request to place Duran at the Residential Reentry Center (RRC) in Las Vegas based upon the fact that he did not have acceptable housing.

On March 1, 2022, Duran commenced his term of supervision release and was placed in the RRC.

On March 31, 2022, Duran was found to be in possession of a brown wrapping paper which contained a green leafy substance. A further test of the substance revealed to be a form of synthetic marijuana (spice). The possession of this substance is a serious infraction of the RRC rules and carried a mandatory expulsion from the program.

On April 1, 2022, Duran was informed he would no longer be permitted to reside at the facility.

Prior to Duran's removal from the RRC, the undersigned had been in the process of seeking a relocation to the Central District of California. The proposed plan was for Duran to reside with his brother. As a result of his change in circumstance, the undersigned requested the investigation into that residence be expedited.

On April 13, 2022, Duran's supervision was accepted in the Central District of California and his case has been transferred accordingly.

Since Mr. Duran's cases was accepted in the Central District of California, it appears Duran has struggled with complying with this Court's conditions of supervision. Most notably, Duran has incurred no less than 15 serious infractions of the Location Monitoring Program including providing false information to the Location Monitoring Officer, failing to provide verification of his movement in the community and leaving the district in which he is being monitored.

Furthermore, Duran has now incurred 4 positive drug tests and 3 additional no shows during his term of supervision. Additionally, Duran was found to be in possession of synthetic marijuana and while this is not classified as a controlled substance, it continues to demonstrate his attempts to circumvent the supervision goals and expectations.

Based upon his conduct, the undersigned respectfully recommends that a warrant be issued for Duran's arrest as he continues to demonstrate that he is a danger of non-appearance given his lack of stable housing, discharge from the RRC and lack of compliance with the terms of his

RE: Robert Ricky Duran

Prob12C
D/NV Form
Rev. March 2017

GPS monitoring. Regarding a danger to the community, Duran has a lengthy history of violent offenses including but not limited to Domestic Battery. Further, the offense conduct committed by Duran during the instant offense constitutes robbery.

Respectfully submitted,

Digitally signed by Shawn Mummey
Date: 2022.08.16 07:13:45 -07'00'

Shawn Mummey
Senior United States Probation Officer

Approved:

Digitally signed by Joy Gabonia
Date: 2022.08.15 17:08:26 -07'00'

Joy Gabonia
Supervisory United States Probation Officer